UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARTEL E. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 13-3367-SEM-BGC |
| | ) |
| RICHARD YOUNG and | ) |
| ASSISTANT WARDEN BROWN, | ) |
| | ) |
| Defendants. | ) |

MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Martel E. Jackson's claims.

I.
MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a

1

defendant who is immune from such relief. *Id.* The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 651 (7th Cir. July 3, 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Jackson alleges that, for a period of ten days in June 2012, the conditions of his confinement at the Western Illinois Correctional Center in Mt. Sterling, Illinois constituted cruel and unusual punishment in violation of his Eight Amendment rights. During this time, Jackson was placed in disciplinary segregation. Jackson claims that, although the temperatures during this ten-day period were in the 90 degrees range and although the heat index was 100 degrees, Defendants Young and Brown refused to allow Jackson to have his fan, failed to provide him with ice, and refused to grant his request to be released from disciplinary segregation. Brown claims that these conditions violated his Eighth Amendment right to be free from cruel and unusual punishment, and he asks the Court to award him compensatory damages of $20,000.00.

The United States Supreme Court has made clear that "[t]he Eighth Amendment does not outlaw cruel and unusual 'conditions;' it outlaws cruel and unusual 'punishments.'" *Farmer v. Brennan*,

3

511 U.S. 825, 837 (1994).  This means that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as an infliction of punishment." *Id.* at 838.  Accordingly, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.  This type of deliberate indifference "implies at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Frazen*, 780 F.2d 645, 653 (7th Cir. 1985).  "[M]ere negligence or even gross negligence does not constitute deliberate indifference," *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996), and it is not enough to show that a prison official merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995), *abrogated on other grounds, Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

In the instant case, Jackson has failed to state a claim under the Eighth Amendment upon which relief can be granted. "[R]outine discomfort is part of the penalty that criminal offenders pay for their offenses against society," and so, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992)(internal quotations omitted). Indeed, "the Constitution . . . does not mandate comfortable prisons." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). If prison conditions are merely "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman,* 452 U.S. 349 (1981). Thus, prison conditions rise to the level of an Eighth Amendment violation only when they "involve the wanton and unnecessary infliction of pain." *Id.* at 347.

Jackson has not alleged the type of conduct by Defendants that has deprived him of the minimally civilized measure of life's necessities. Jackson alleged that the heat only lasted for a ten day period in the summer of 2012. *Chandler v. Crosby,* 379 F.3d 1278, 1295 (11th Cir. 2004)("[T]he Eighth Amendment is concerned with both the 'severity' and the 'duration' of the prisoner's exposed to

5

inadequate cooling and ventilation."); *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997)("[I]t is not just the severity of the cold, but the duration of the condition, which determines whether the conditions of confinement are unconstitutional."). Jackson does not allege any harm resulting from the heat; instead, he only alleges that, one day, he felt "woozy" and "light-headed." *Vasquez v. Frank*, 2008 WL 3820466, * 2-3 (7th Cir. Aug. 15, 2008)(holding that ventilation that allegedly caused dizziness, migraines, nasal congestion, nose bleeds and difficulty breathing did not rise to the level of an Eighth Amendment violation); *Jasman v. Schmidt*, 2001 WL 128430, * 2 (6th Cir. Feb. 6, 2001)(rejecting a prisoner's complaint about poor ventilation where plaintiff failed to allege harm caused by the ventilation). Those allegations are insufficient to demonstrate an Eighth Amendment violation. *Chandler*, 379 F.3d at 1290-98 (citing cases and concluding that a ventilation system that allowed summer temperatures to average eighty-five or eighty-six degrees during the day and eighty degrees at night was not sufficiently extreme to violate the Eighth Amendment where such temperatures were expected and tolerated by the general public in Florida).

Jackson has alleged uncomfortable conditions, but he has not alleged a violation of his Eighth Amendment rights. *E.g., Strope v. Sebelius*, 2006 WL 2045840, * 2 (10th Cir. July 24, 2006)("Mr. Strope claims that the prison lacks adequate ventilation, and that fans are necessary to control the 'excessively hot' temperature and to provide ventilation.  He further asserts that the high temperatures make it hard to sleep.  Although these conditions are no doubt uncomfortable, we conclude that Mr. Strope's allegations are insufficient to state a claim of violation of the Eighth Amendment."); *Deal v. Cole*, 2013 WL 1190635, * 2 (W.D.N.C. Mar. 22, 2013)("Plaintiff's allegations of cold air in his cell, without more, are not sufficiently objectively serious to state a claim under the Eighth Amendment."); *Cameron v. Howes*, 2010 WL 3885271, * 9 (W.D. Mich. Sept. 28, 2010)(dismissing plaintiffs' claim for failing to allege extreme deprivation as a result of inadequate ventilation causing high temperatures in the cells).

The Court cannot say at this point, however, that any amendment to Jackson's Complaint would be futile. Fed. R. Civ. Pro. 15.  Accordingly, the Court will give Jackson 21 days within which to file an Amended Complaint.  Should Jackson fail to file an

Amended Complaint within 21 days of the date of this Order and fails to file an Amended Complaint that complies with the dictates of this Order, the Court will dismiss this case for failure to state a cause of action upon which relief can be granted. 28 U.S.C. § 1915(g).

**IT IS, THEREFORE, ORDERED that:**

1)  Plaintiff Martel E. Jackson has 21 days from the date of this Order to file an Amended Complaint that complies with the dictates of this Order.  If Plaintiff fails to file an Amended Complaint that complies with the dictates of this Order, the Court will dismiss this case for failure to state a cause of action upon which relief can be granted. 28 U.S.C. § 1915(g).

ENTER: 11/14/2013

FOR THE COURT:

                         s/ Sue E. Myerscough
                         SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE