E-FILED
Friday, 20 December, 2013  11:11:11 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARTEL E. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 13-3367-CSB-BGC |
| | ) |
| RICHARD YOUNG and | ) |
| ASSISTANT WARDEN BROWN, | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Martel E. Jackson's Amended Complaint.

The Court previously conducted a merit review of Jackson's Complaint and determined that his Complaint failed to state a cause of action upon which relief could be granted. The Court could not, however, say that any amendment to Jackson's Complaint would be futile.

Accordingly, the Court gave Jackson 21 days to file an Amended Complaint. The Court indicated that Jackson should explain in his Amended Complaint what harm he suffered from the heat because uncomfortable conditions in a prison do not rise to the level of an Eighth Amendment violation. The Court explained that prison officials violate the Eighth Amendment only if they have deprived an inmate of the minimally civilized measures of life's necessities, and the Court gave Jackson an opportunity to include additional facts with which to state a claim that Defendants violated his Eighth Amendment rights.

Like his Original Complaint, Jackson's Amended Complaint fails to state a claim upon which relief can be granted. Jackson repeats his allegations that he felt "woozy" and "light-headed" and that he was forced to lie down as a result of the heat in his cell. The Court previously explained to Jackson that those allegations alone are insufficient to demonstrate an Eighth Amendment violation. *Vasquez v. Frank*, 2008 WL 3820466, * 2-3 (7th Cir. Aug. 15, 2008)(holding that ventilation that allegedly caused dizziness, migraines, nasal congestion, nose bleeds and difficulty breathing did not rise to the level of an Eighth Amendment violation); *Jasman v. Schmidt*, 2001 WL 128430, * 2 (6th Cir. Feb. 6, 2001)(rejecting a prisoner's complaint about poor ventilation where plaintiff failed to allege harm caused by the ventilation).

Jackson's only new allegation of harm is his claim that an inmate in the cell next to his cell fainted from the heat. Jackson claims that he was concerned that he too may expire from the heat.

However, the harm must be personal in order to state a claim for a constitutional violation. *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Gilland v. Owens*, 718 F. Supp. 665, 686 (W.D. Tenn. 1989). Jackson has not alleged that he suffered any personal harm sufficient to state a claim for violating his Eighth Amendment rights. Accordingly, the Court finds that Jackson's amendments are insufficient and that this case should be dismissed.

**IT IS, THEREFORE, ORDERED that:**

1)   Plaintiff Martel E. Jackson's Amended Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.

2)   This dismissal shall count as one of Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. § 1915(g).

3) Plaintiff must still pay the full docketing fee even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of the Court as directed in the Court's prior Order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. Fed. R. App. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

**5) This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58. All pending motions are DENIED as moot. The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

Entered this 20th day of December, 2013

                                                            s/ Colin S. Bruce
                                                           COLIN S. BRUCE
                                                           UNITED STATES DISTRICT JUDGE